*Twenty-third Judicial District.*

## In the Orphans' Court of the County of Berks.

### IN THE MATTER OF THE ESTATE OF MARY MAGDALENA FOUST, DECEASED.

A child cannot recover from a parent's estate for services rendered after the majority of the child, without clear, distinct and satisfactory evidence of a contract for wages. —Leidig v. Coover's Exrs, 11 Wr. 534.

**Exceptions to Report of Auditor on the Account of Henry Sassaman, Executor.**

·Opinion delivered by

WOODWARD, P. J.    The exceptant in this case was a son of the testatrix.    The claim presented to the auditor, was for the support and maintenance of the mother during the last years of her life.    There was no proof of a distinct contract, and this was fatal to the claim.    It is definitely settled that a child cannot recover from a parent's estate for services rendered after the majority of the child, without clear, distinct and satisfactory evidence of a contract for wages.    Leidig v. Coover's exrs., 11 Wr. 534.    And in Lynn v. Lynn, 5 Casey, 369, it .was ruled that nothing less than an express promise would enable a child to recover from a parent payment for boarding and necessaries furnished.    In order to avoid misconception, it is necessary to say that it is upon this class of authorities that this report is confirmed.    Such cases as Poorman v. Kilgore, 2 Casey, 372, and Harris v. Richey, 7 P. F. S. 395, relate to an entirely different branch of the law.    The "direct, positive, express and unambiguous testimony" they require, it is confined to parol contracts for land, whether made between relatives or strangers.    The distinction between them and cases involving questions of wages or questions of board and maintenance, is pointed out distinctly in Judge Agnew's opinion in Gordner's Administrators v. Heffley, 13 Wr., 163, in which a

niece's claim for wages against her uncle's estate was sustained upon the proof required to establish an ordinary contract.

Under the evidence reported by the Auditor, the exceptant ought unquestionably to pay the expenses of the investigation, to which his action led. It is clear that moneys belonging to the testatrix passed into her son's hands, and were employed for his benefit, in very significant amounts. Indeed, if a contract to pay for maintenance had been proved, it is by no means certain that it would not have been more than satisfied by these payments and the services rendered by the testatrix.

The exceptions are overruled, and the Report is confirmed.

*E. Shalter, Esq.*, for executor and exceptant; *F. Leaf Smith, Esq.*, contra and for heirs.